AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

DEC 0 8 2022

MITCHELL R. ELFERS,
CLERK OF COURT

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 22-1816 MJ |
| Lazarus Shamar SANDERS | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __08/23/2022__ in the county of __Lea__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC, 922(g)(1) | Possession a Firearm and Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Humberto Loya, Task Force Officer, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: December 8, 2022

_____
Judge's signature

City and state: Roswell, New Mexico

Stephan M. Vidmar, U.S. Magistrate Judge
Printed name and title

## CRIMINAL COMPLAINT

United States of America

vs.

Lazarus Shamar SANDERS.

## AFFIDAVIT

I, Humberto Loya, being duly sworn, depose and state the following:

1. I am a Task Force Officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since July of 2022. I am currently assigned to the Las Cruces Field Office and specifically to the Roswell Satellite Office, which is involved in various facets of ATF's enforcement programs. I am also a full-time Law Enforcement Officer employed with the Roswell Police Department and have been since June 2015. I am currently assigned to the Criminal Investigations Division as a Detective. I am a graduate of the New Mexico Law Enforcement Academy and have over seven years of law enforcement experience. I have also had classroom and on the job training conducting investigations in violent crimes, homicides, crimes against children and sexual assaults which have resulted in felony arrests and convictions.

2. The information contained in this affidavit is based upon information obtained from law enforcement investigators, along with the review of government records. Additionally, this affidavit is based on reports, information, and observations made by other law enforcement officers directly involved in this investigation. This affidavit does not include all the facts of the investigation, but rather serves to establish probable cause to

CRIMINAL COMPLAINT

support the request for a federal criminal complaint for the arrest of Lazarus Shamar SANDERS (hereinafter referred to as SANDERS).

3. Your affiant respectfully submits that there is probable cause to believe that SANDERS, a previously convicted felon, is in violation of 18 U.S.C. § 922(g)(1) – Possession of a Firearm and or Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

## The Investigation

4. On August 23, 2022, at approximately 10:01pm, Officer M. Olenik was dispatched to an address in Hobbs, New Mexico in reference to shots fired. As will be explained in further detail below, your affiant's investigation reveals that SANDERS, a convicted felon, is the individual who possessed and shot the firearm.

5. Upon Officer Olenik's arrival to the area he located three (3) spent casings that were identified as 9mm on the curb and on north side of the roadway, in front of the southeast corner of the address.

6. Officer Olenik was notified via police radio by Officer J. Colin that he had located the suspect vehicle at nearby intersection in Hobbs.

7. Officer Olenik notes that he reviewed surveillance footage of the incident which had just occurred and observed a white four-door vehicle, with damage to the front passenger fender, travel north on a close by street and then the vehicle came to a stop.

CRIMINAL COMPLAINT

8. Officer Olenik then observed the vehicle travel east, and drive directly passed the address referenced above that officers had responded to regarding shots being fired. In the video, as the vehicle passes that street, Officer Olenik observed what he believed to be the muzzle flash of a firearm come from the drivers' window pointed in the air. Officer Olenik then sees the vehicle continue east, turning north on a street that is approximately one street away from the scene.

9. Officer Olenik provided a picture of the suspect vehicle on the surveillance footage to Sergeant R. Hopper who confirmed the vehicle matched the vehicle Officer Colin currently had on the traffic stop. The vehicle was confirmed to be a white 2014 Buick Verano, bearing New Mexico license plate number "BBMK98". This vehicle also had damage to the front passenger side fender.

10. Officer Colin identified the driver and sole occupant of the vehicle as SANDERS and removed him from the driver's seat. Officer Colin observed, in plain view a handgun under the driver's seat. SANDERS was detained for the investigation and the suspect vehicle was towed by officers pending a search warrant.

11. Officer Olenik documents that he was notified SANDERS was currently on probation through the New Mexico Department of Corrections Adult Probation and Parole Division (APPO"). Officer Olenik was able to confirm with APPO that SANDERS was currently on probation for a previous Aggravated Battery charge.

12. A state district court search warrant was later obtained for SAUNDER's vehicle. During the execution of the warrant, officers recovered a WIN 9mm Luger spent casing between the rear windshield and the trunk. Officers also located a Taurus

CRIMINAL COMPLAINT

G2c 9mm semiautomatic pistol, bearing serial number ABD468052, under the driver's seat.

13. The semiautomatic pistol had an extended magazine, within the magazine well and was loaded with a live round in the chamber and seventeen (17) live rounds in the magazine. Officers also located nine (9) "S&B 9x19 12" live rounds, two (2) "FC 9mm Luger" live rounds, five (5) "WIN 9mm Luger" casings and two (2) "Blazer 9mm Luger" casings in the vehicle.

14. Your affiant also learned from Detective Santos report the that immediately prior to the incident described above, local law enforcement had been dispatched to a different address in Hobbs based on complaints of shots being fired. Camera footage from the area reveals SANDERS vehicle was the same vehicle in the footage. Officers were able to also observe muzzle flashes coming from SANDERS vehicle in that camera footage. Numerous shell casings were also collected from that scene.

15. Following these incidents, Detective Santos made contact with SANDERS, who had been transported to the Hobbs Police Department. While Detective Santos was attempting to advise SANDERS of his *Miranda* rights, SANDER kept interrupting and saying he did not do anything. After getting through the rights, SANDERS stated he did want to speak to Detective Santos.

16. SANDERS began by stating he was at friend's house who lived on the same street that SANDERS was pulled over by law enforcement. Detective Santos asked

CRIMINAL COMPLAINT

SANDERS what kind of vehicle SANDERS drives and SANDERS stated that it is SANDERS grandfather's car but that he was driving a white Buick.

17. SANDERS also confirmed that the vehicle has damage to the left passenger's side. Detective Santos asked SANDERS what happened earlier in the day that police were called to SANDERS home and SANDERS stated that SANDERS and SANDERS "baby mama," got into an argument and she told him she was going to put him in jail. SANDERS then denied shooting anyone, or shooting at anything.

18. Detective Santos then told SANDERS that his vehicle was towed pending a search warrant and asks SANDERS if he is going to find anything inside of the vehicle to which SANDERS responded, "yes you is going to find something". SANDERS then told Detective Santos that there is going to be a gun in the vehicle and describes the gun as a "solid black 10mm Taurus". SANDERS also told Detective Santos that the gun will be under the driver or passengers' seat and that he took it out of the glove compartment prior to police pulling him over. SANDERS also confirmed with Detective Santos that he was the sole occupant of the vehicle and nobody else was with him in the vehicle.

19. Detective Santos documented that the headstamps of the spent casings found on scene during the first incident referenced in this complaint matched the headstamps of the live rounds found in the firearm.

## The ATF Investigation

20. After reviewing the details of this investigation, your affiant reviewed SANDERS's criminal history, which showed the following felony convictions:

**CRIMINAL COMPLAINT**

    a. 09/02/2021: Convicted of two counts of Burglary and sentenced to one year, three months and twenty days of supervised probation out of the Fifth Judicial District Court, Case No. D-506-CR-2021-00087.

    b. 09/02/2021: Convicted of Aggravated Battery (Deadly Weapon) and Shooting at Dwelling or Occupied Building and sentenced to two years, seven months and nineteen days on supervised probation out of the Fifth Judicial District Court, Case No. D-506-CR-2021-00189.

21. Because SANDERS has been convicted of numerous prior felonies, it is reasonable to infer that SANDERS was aware that he has prior felony conviction. Specifically, for one of his felony convictions, SANDERS was sentenced to more than one year custody.

22. On September 07, 2022, your affiant and ATF Special Agent Russell A. Davis, met with Detective Santos to observe the Taurus G2c 9mm semiautomatic pistol seized from SANDERS vehicle at HPD Headquarters. SA Davis, who has received training from ATF as it relates to Interstate Nexus determinations of Firearms and Ammunition, and has been recognized by the District Court of New Mexico as an expert in that field, physically inspected the listed firearm and confirmed it was not manufactured within the State of New Mexico. Additionally, and based on the description provided of the ammunition, specifically the headstamps of the ammunition, SA Davis advised that the listed ammunition was not manufactured within the State of New Mexico.

**CRIMINAL COMPLAINT**

## CONCLUSION

23. Based upon the above, your affiant respectfully submit that probable cause exists to believe that SANDERS possessed the listed ammunition and firearm, and is in violation of 18 U.S.C. § 922(g)(1).

This criminal complaint was approved by AUSA Ryan Ellison.

_____
Humberto Loya, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before

me this 8th day of December 2022

_____
THE HONORABLE STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE